# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## Charles P. WIMETT,
### Yeoman Second Class (E-5), U.S. Coast Guard Reserve

## CGCMS 24342

## Docket No.  1258

## 15 August 2007

Special Court-Martial convened by Commanding Officer, Electronic Systems Support Unit New Orleans.  Tried at New Orleans, Louisiana, on 4 August 2005.

| | |
|---|---|
| Military Judge: | CDR Genelle T. Vachon, USCG |
| Trial Counsel: | LT Anthony S. Simpson, USCG |
| Defense Counsel: | CPT Sarah J. Regan, USMC |
| Appellate Defense Counsel: | LCDR Nancy J. Truax, USCG |
| Appellate Government Counsel: | LCDR John S. Luce Jr., USCG |

## BEFORE
## McCLELLAND, CAHILL[1] & LODGE
### Appellate Military Judges

LODGE, Judge:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of wrongful disposition of military property, in violation of Article 108, Uniform Code of Military Justice (UCMJ), and three specifications of larceny, in violation of Article 121, UCMJ.  The military judge sentenced Appellant to a bad-conduct discharge, confinement for three months, and reduction to E-2.  The Convening Authority approved the sentence as adjudged but suspended all confinement for one year from the date the sentence was adjudged, pursuant to the terms of the pretrial agreement.

Before this Court, Appellant asserts that the court-martial lacked jurisdiction to try Appellant, a reservist, because he had not been recalled to active duty by a general court-martial convening authority as required by Article 2, UCMJ.  The Government, in its answer and brief, points out that the

---

[1] Judge Cahill did not participate in this decision.

portion of the action purporting to suspend adjudged confinement should be considered a nullity. We discuss the Government's point first.

The Court agrees with the Government concerning the suspension of confinement. The military judge sentenced Appellant to be confined for three months, in addition to other punishments. The Convening Authority approved the sentence and ordered it executed, suspending all confinement for a period of one year from the date the sentence was adjudged. However, as far as the record shows, the adjudged confinement was never deferred. As a result, the period of confinement (three months) began to run on the date the sentence was adjudged. *See* Article 57(b), UCMJ. Since the 3-month period of confinement was completed before the Convening Authority's action that purports to suspend the adjudged confinement, the portion of the action suspending confinement is a nullity. *United States v. Anderson*, 55 M.J. 588, 590 (C.G.Ct.Crim.App. 2001) ("Without a deferral of confinement or a suspension prior to the expiration of adjudged confinement, the entire period runs unimpeded from the date of trial.").

## Jurisdiction Based on Valid Recall

Appellant argues that personal jurisdiction over him is lacking because the record fails to show that Appellant was ordered to active duty by a person empowered to convene a general court-martial. We believe the record adequately demonstrates that Commander, Maintenance and Logistics Command Atlantic (MLCLANT), an officer empowered to convene general courts-martial, ordered Appellant to active duty to stand trial with the explicit permission of the Commandant of the Coast Guard, satisfying both the UCMJ and Coast Guard regulations.

Appellant, a member of the Coast Guard Selective Reserve, committed acts of misconduct during periods of Active Duty Training. (Prosecution Ex. 1.) Charges were preferred on 22 April 2005, and referred on 5 May 2005. Aware that recall of a reservist for the purposes of court-martial jurisdiction requires action by the general court-martial convening authority (GCMCA), the special court-martial convening authority requested that the GCMCA order Appellant "be involuntarily recalled to active duty on July 29, 2005 for trial by special court-martial pursuant to Article 2(d)(1)," UCMJ. (Appellate Ex. IV at 4.)

Since the Government intended to seek punishment in excess of the limitation set forth in Article 2(d)(5), UCMJ, that provision and Coast Guard regulations required approval by the

Commandant.  *See* Department of Homeland Security Delegation No. 0170.1, Delegation to the Commandant of the Coast Guard, ¶ 2.(13); *see also* Military Justice Manual, COMDTINST M5810.1D (17 August 2000), subparagraph 3.B.3.c.  On 27 July 2005, the GCMCA requested approval from the Commandant of the Coast Guard "*for me to order* YN2 Wimett to active duty involuntarily for the purpose of a special court-martial."  (Appellate Ex. IV at 2 (emphasis added).)  The Commandant noted his approval of the request of Commander, MLCLANT on 28 July 2005.  (Appellate Ex. IV at 1.)  A Standard Travel Order was generated within the Coast Guard Direct Access system, ordering Appellant to active duty for the period of 31 July 2005 to 28 September 2005, and signed by a petty officer in the servicing personnel office.

We agree with the Government that Appellant fails to distinguish between the authority to order a reservist to active duty, and the administrative act of processing the order.  Neither the UCMJ nor Coast Guard regulations specify the form in which such a recall is to occur.  The UCMJ does not require that the recall order be in writing, or that the GCMCA personally sign the recall order.  In this case, the record is clear that Commander, MLCLANT, a GCMCA, requested permission from the Commandant to personally order Appellant to active duty, and the Standard Travel Order was generated shortly after the GCMCA received permission from the Commandant.  We are convinced by the entire record that Appellant was ordered to active duty by the GCMCA after receiving permission from the Commandant, and the court-martial had personal jurisdiction over Appellant.  Appellant's assignment of error is rejected.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ.  Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved.  Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.

Chief Judge MCCLELLAND concurs.



For the Court,

Jane R. Lim
Clerk of the Court

3